
FILED
NOV 10 2009
J. BARRY DUNFORD, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT of LOUISIANA

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IN RE:
GENICE R. BOSSETT

CASE NO: 08-12691
CHAPTER 13

## ORDER REGARDING DEFAULT IN PLAN PAYMENTS

IT IS HEREBY ORDERED THAT THE ABOVE SET FORTH DEBTOR(S) READ THIS ORDER AND RESPOND TO SAME BY THE DATES SET FORTH BELOW.
FAILURE AND THE COURT SHALL EITHER DISMISS THIS CASE IN A FASHION THAT WILL PROHIBIT THE DEBTOR(S) FROM FILING ANY KIND OF BANKRUPTCY PETITION AGAIN FOR SIX (6) MONTHS, OR THIS CHAPTER 13 CASE SHALL BE CONVERTED TO A CHAPTER 7 LIQUIDATION BANKRUPTCY.

Records of the Trustee indicate that as of **OCTOBER 31, 2009,** you are behind on your plan payments to the Chapter 13 Trustee for **4.53** months for a total of **$3827.06.**
A copy of the Trustee's payment printout is attached to this order and made a part hereof, showing all payments that you have made on your Chapter 13 Plan . IT IS MANDATORY THAT YOU TAKE ONE OF THE BELOW LISTED ACTIONS IN YOUR CASE BY *DECEMBER 14, 2009.*

*********CONTACT YOUR ATTORNEY*********

(1)  If you desire to stay in your Chapter 13 case, and you have the ability to bring your plan payments current, you must pay the Trustee the amount of money necessary to bring your plan payments current (this sum will include the payments the Trustee shows in this Order that are presently in default, PLUS any payments that will become due by the date shown above); OR

(2)  If you desire to stay in your Chapter 13 case, but are unable to bring the Plan payments current by the above date, then you must file and notice for a hearing a modified Chapter 13 Plan by the date stated above, stating why you are behind on your payments and setting forth how you will pay your creditors in the time remaining in your Chapter 13 case, AND by that same date, you must pay the Trustee at least one (1) payment called for in the modified Plan that you choose to file; OR

(3)  If you are presently unable to make Chapter 13 Plan payments, but still desire some relief under the Bankruptcy Laws and are willing to lose assets in exchange for a personal discharge of those debts that you cannot pay, then you may file a written notice to CONVERT YOUR CASE TO A CHAPTER 7 LIQUIDATION BANKRUPTCY; OR

(4)  If you are presently unable to make Chapter 13 Plan payments, and do not desire your Chapter 13 Bankruptcy case be converted to a Chapter 7 liquidation case,

then you must file a written motion to VOLUNTARILY <u>DISMISS YOUR CASE;</u> OR

(5) If your inability to make Plan payments is not due to **any** fault on your part, and your unsecured creditors have presently received at least what they would receive in a Chapter 7 Liquidation Bankruptcy, and modification of your Plan is not possible, then you may file and notice for a hearing a <u>MOTION REQUESTING A "HARDSHIP DISCHARGE";</u> OR

(6) If you believe <u>AND CAN PROVE</u> that the Trustee is incorrect, and that your plan payments are in fact current, then you can file and **notice** a written objection to this Order, showing that you are current on your Plan Payments, and BE PRESENT ON THE DATE SET FORTH BELOW TO <u>PROVE THAT YOUR PLAN PAYMENTS ARE CURRENT</u> (If you choose this course of action you <u>MUST CONTINUE TO PAY YOUR MONTH PAYMENTS</u> pending the hearing on the date set forth below).

IF YOU DO NOT TAKE ONE (1) OF THE ABOVE SET FORTH SPECIFIC ACTIONS BY *<u>DECEMBER 14, 2009</u>*, AND ALSO <u>NOTIFY THE CHAPTER 13 TRUSTEE OF YOUR SPECIFIC ACTION,</u> THEN THE CHAPTER 13 TRUSTEE SHALL AT THE EARLIEST POSSIBLE DATE AFTER *<u>DECEMBER 14, 2009</u>* PRESENT TO THE COURT, AND THE COURT SHALL SIGN, AN ORDER <u>EITHER</u> DISMISSING YOUR CASE IN A FASHION THAT WILL PREVENT YOU FROM FILING ANY KIND OF BANKRUPTCY PETITION AGAIN FOR SIX (6) MONTHS FROM THE DATE THE ORDER IS SIGNED, <u>OR</u> (IF YOUR CASE IS ONE THAT HAS ASSETS THAT CAN BE LIQUIDATED BY A TRUSTEE IN A CHAPTER 7 LIQUIDATION FOR DISTRIBUTIONS TO YOUR CREDITORS) CONVERTING YOUR CHAPTER 13 CASE TO A CHAPTER 7 LIQUIDATION CASE.

IF YOU BELIEVE YOU ARE CURRENT ON YOUR PLAN PAYMENTS TO THE TRUSTEE, AND CHOOSE TO FILE AND NOTICE A WRITTEN OBJECTION TO THIS ORDER ( AS SET FORTH IN (6) ABOVE) THE <u>HEARING DATE</u> ON THIS ORDER AND YOUR OBJECTION THERETO SHALL BE HELD ON *<u>DECEMBER 22, 2009</u> AT 1:30 P.M.* IN THE UNITED STATES COURTHOUSE, 300 FANNIN STREET, COURTROOM 4, SHREVEPORT, LOUISIANA 71101. YOU MUST BE PRESENT, AND MUST BE ABLE TO PROVE ON THAT DATE AND TIME THAT YOUR PLAN PAYMENTS ARE CURRENT; FAILURE AND YOUR CASE WILL ON THAT DATE BE EITHER DISMISSED IN A FASHION THAT WILL PROHIBIT YOU FROM FILING ANY KIND OF BANKRUPTCY PETITION AGAIN FOR SIX (6) MONTHS, OR YOUR CASE WILL BE CONVERTED TO A CHAPTER 7 LIQUIDATION BANKRUPTCY.

SHOULD YOU CHOOSE OPTION (1) ABOVE, AND PAY YOUR PLAN CURRENT THEN AN ORDER WILL BE ENTERED, MAINTAINING YOUR CASE, WITH A PROVISION THAT THE TRUSTEE MAY THEREAFTER DISMISS THE CHAPTER 13 CASE, WITHOUT A HEARING, IF THE DEBTOR(S) FAILS TO MAKE ANY FUTURE PAYMENTS REQUIRED BY THE PLAN FOR ANY PERIOD OF TIME IN EXCESS OF THIRTY (30) DAYS, AND SUCH DISMISSAL WOULD BE WITH PREJUDICE TO THE DEBTOR(S) REFILLING ANY BANKRUPTCY AGAIN FOR SIX (6) MONTHS.

**IF YOU CHOOSE TO AVAIL YOURSELF OF ONE OF THE REMEDIES SET FORTH IN (2) OR (5) ABOVE, THEN A HEARING WILL BE OBTAINED ON THAT COURSE OF ACTION BY YOUR ATTORNEY, AND YOU MUST BE PRESENT AT THAT HEARING. IF YOU CHOOSE REMEDY (2) ABOVE, THE CHAPTER 13 TRUSTEE HAS INFORMED THE COURT, AND THE COURT HEREIN INFORMS YOU, THAT CONFIRMATION OF ANY MODIFIED PLAN IS OPPOSED BY THE TRUSTEE UNLESS AN ORDER IS ENTERED AT CONFIRMATION STATING THAT THE TRUSTEE MAY THEREAFTER DISMISS THE CHAPTER 13 CASE, WITHOUT A HEARING, IF THE DEBTOR(S) FAILS TO MAKE ANY FUTURE PAYMENTS REQUIRED BY THE MODIFIED PLAN FOR ANY PERIOD OF TIME IN EXCESS OF THIRTY (30) DAYS, AND SUCH DISMISSAL WOULD BE WITH PREJUDICE TO THE DEBTOR(S) REFILLING ANY BANKRUPTCY AGAIN FOR SIX (6) MONTHS.**

*It is advised that you **contact your attorney** in regard to these matters as soon as you receive this **ORDER** and make arrangements to see him or her as soon as possible. It is possible that you can save your Chapter 13 case, or prevent conversion of same to a Chapter 7 Liquidation Bankruptcy, or prevent the dismissal of same in a fashion that will prohibit your filing another Bankruptcy Petition for six (6) months, **BUT YOU MUST ACT NOW !!***

Order Read and Signed in Chambers, in Shreveport, Louisiana on this 10th day of NOVEMBER 2009.

Stephen V. Callaway
UNITED STATES BANKRUPTCY JUDGE

**NOTICE:** Creditors and other parties in interest who wish to respond must do so in writing. Written notice of any response must be given to the Debtor(s), Debtor's Attorney and the Chapter 13 Trustee at least five (5) days before the hearing date set forth above. Parties wishing to have their response or objection heard must appear to present same on that hearing date.

COPY SENT:
TO: BNC to Notice to All Parties Per the Mailing Matrix
DATE: 11·10·09
BY: CG

| Date | Code | Batch | Source | Credit | Clai | ID | Amount | Description | T | Le | User |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon Oct 26, 2009 | M.O. | 003792 | 9124963961 | 000000 | 0000 | B2 | 89.00 | MONEY ORDER | | 00 | MARIA |
| Mon Oct 26, 2009 | M.O. | 003792 | 68621742321 | 000000 | 0000 | B2 | 300.00 | MONEY ORDER | | 00 | MARIA |
| Thu Jul 23, 2009 | EMPC | 003029 | LANDMARK 01268 | 000000 | 0000 | B3 | 778.16 | EMPLOYER PAYROLL DEDUCTION CHECK | | 00 | MARIA |
| Thu Jun 25, 2009 | EMPH | 002824 | LANDMARK 01065 | 000000 | 0000 | L3 | 778.16 | EMPLOYER PAYROLL DEDUCTION CHECK/TO BE HELD ONE DISBURSEMENT | | 00 | ANGIE |
| Wed Apr 29, 2009 | M.O. | 002433 | 68415550819 | 000000 | 0000 | M3 | 390.00 | MONEY ORDER | | 00 | LISA |
| Thu Apr 16, 2009 | M.O. | 002334 | 68408131198 | 000000 | 0000 | M3 | 390.00 | MONEY ORDER | | 00 | LISA |
| Mon Mar 30, 2009 | EMPH | 002204 | LIVE OAK 51562 | 000000 | 0000 | M3 | 389.08 | EMPLOYER PAYROLL DEDUCTION CHECK/TO BE HELD ONE DISBURSEMENT | | 00 | LISA |
| Mon Mar 16, 2009 | EMPC | 002103 | LIVE OAK 51470 | 000000 | 0000 | M3 | 389.08 | EMPLOYER PAYROLL DEDUCTION CHECK | | 00 | LISA |
| Thu Feb 26, 2009 | EMPH | 001985 | LIVE OAK 51316 | 000000 | 0000 | A3 | 389.08 | EMPLOYER PAYROLL DEDUCTION CHECK/TO BE HELD ONE DISBURSEMENT | | 00 | ROSALIND |
| Tue Feb 17, 2009 | EMPC | 001911 | LIVE OAK 51269 | 000000 | 0000 | A3 | 389.08 | EMPLOYER PAYROLL DEDUCTION CHECK | | 00 | ROSALIND |
| Mon Feb 02, 2009 | EMPC | 001838 | LIVE OAK 51171 | 000000 | 0000 | M2 | 389.08 | EMPLOYER PAYROLL DEDUCTION CHECK | | 00 | LISA |
| Tue Jan 20, 2009 | EMPC | 001726 | LIVE OAK 51082 | 000000 | 0000 | M3 | 389.08 | EMPLOYER PAYROLL DEDUCTION CHECK | | 00 | LISA |
| Mon Jan 05, 2009 | EMPC | 001631 | LIVE OAK 51020 | 000000 | 0000 | M1 | 389.08 | EMPLOYER PAYROLL DEDUCTION CHECK | | 00 | LISA |
| Mon Dec 01, 2008 | M.O. | 001406 | 6824812380 | 000000 | 0000 | M2 | 500.00 | MONEY ORDER | | 00 | LISA |
| Mon Dec 01, 2008 | M.O. | 001406 | 6824812391 | 000000 | 0000 | M2 | 118.00 | MONEY ORDER | | 00 | LISA |
| Mon Nov 10, 2008 | OTHR | 001282 | CHARLIE 36693 | 000000 | 0000 | M1 | 222.06 | OTHER/RECEIPTS | | 00 | LISA |
| Mon Oct 27, 2008 | M.O. | 001191 | 6824781546O | 000000 | 0000 | M3 | 500.00 | MONEY ORDER | | 00 | LISA |
| Mon Oct 27, 2008 | M.O. | 001191 | 6824781547I | 000000 | 0000 | M3 | 340.00 | MONEY ORDER | | 00 | LISA |
| | | | * T O T A L S * | | | | 7,128.94 | Gross | | | |
| | | | | | | | | Less | | | |
| | | | | | | | 7,128.94 | Net | | | |